Maggiore et al., Appellants, *v.* Bd. of Liquor Control et al., Appellees.*

(No. 7292—Decided July 9, 1963.)

*Mr. Charles T. Kaps*, for appellants.
*Mr. William B. Saxbe*, attorney general, and *Mr. Perry J. Bailes*, for appellees.

Duffy, P. J. This is an appeal from a judgment of the Court of Common Pleas which upheld the validity of Regulation 70 adopted by the Board of Liquor Control. This regulation has to do with the minimum retail ceiling price for all beer, lager beer, ale, stout, porter, or any other brewed or malt liquor or malt beverages for off-the-premises consumption. The regulation fixed the price at not less than the minimum markup of 22% above cost, and the board's action was taken pursuant to Section 4301.041 of the Revised Code.

The appellants have made two assignments of error:

"1. The Court of Common Pleas erred in finding that the Board of Liquor Control complied with the provisions of the Administrative Procedure Act in the adoption of Regulation 70.

"2. The Court of Common Pleas erred in its finding that Regulation 70 as adopted by the Board of Liquor Control is

---

*Motion to certify the record (38556) overruled, March 25, 1964.

reasonable and lawful, and in finding that both Regulation 70 and Section 4301.041 of the Revised Code are constitutional.''

While we are of the opinion that the law does authorize such regulation on the part of the Board of Liquor Control, we can not pass upon the reasonableness of this regulation in view of the present state of the record. We are of the opinion that the question raised by the first assignment of error is well taken because the record shows clearly that all evidence presented before the Board of Liquor Control was not transmitted to the Common Pleas Court as required by Section 119.11 of the Revised Code.

We do not think that such failure on the part of the administrative board requires a ruling that the regulation is invalid, because the failure of the board to transmit a complete record of the proceedings before it to the Common Pleas Court is a failure in the procedure during an appeal rather than in the adopting of that regulation. If the appeal were under the provisions of Section 119.12 of the Revised Code, a ruling on validity would be called for. The cause must be remanded to the Board of Liquor Control to see whether it can comply and transmit a complete record of proceedings relating to this regulation.

The judgment of the Court of Common Pleas is reversed and the cause remanded to the Board of Liquor Control.

*Judgment reversed.*

DUFFEY and TROOP, JJ., concur.